PAMELA BROWN BLACKBURN – F-0174
LAW OFFICE OF PAMELA BROWN BLACKBURN
SUITE 101, MARIANAS BUSINESS PLAZA, P.O. BOX 5077
SAIPAN, MP 96950
670.234.9480
FAX: 670-234.9487
Pbrown52@gmail.com

*Attorney for Plaintiff*

FILED
Clerk
District Court

JUL – 7 2014

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

RONEL M. PAULE and CELIA T,
VELASQUEZ,

            Plaintiffs

    vs.

POLARIS DEVELOPMENT
CORPORATION; GUILLERMO T.
FALLER, in his personal capacity and as
an officer and manager of the corporation;
LETICIA MANUEL, in her personal
capacity and as an officer and manager of
the corporation; and JOJO M. FALLER, in
her personal capacity and as an officer of
the corporation,

            Defendants

CV 14- 0017

CIVIL ACTION NO. 14-_____

VERIFIED COMPLAINT AND DEMAND
FOR JURY TRIAL

**COMES NOW**, the Plaintiffs, Ronel M. Paule and Celia T. Velasquez, by and through counsel,

and alleges as follows:

### JURISDICTION AND VENUE

1.    This action is brought under the Fair Labor Standard Act, 29 U.S.C. §§ 201 *et seq.*

(hereafter designated as "FLSA") made applicable to this action by the Covenant to Establish a

Commonwealth of the Northern Marina Islands in Political Union with the United States of America,

RECEIVED

JUL – 3 2014

Article V §502(a)(2). Specifically, jurisdiction is conferred upon this Court pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b)

2. The Court is further granted jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. §1331 (federal question jurisdiction), and as proceedings arising under an Act of Congress regulating commerce pursuant to 28 U.S.C. §1337(a).

3. The Court has jurisdiction over Plaintiff's wage claims pursuant to 29 U.S.C. § 216(b).

4. The Court's jurisdiction over Plaintiff's non-FLSA claims is granted pursuant to 28 U.S.C. § 1367(a) (supplemental jurisdiction).

5. The Court's authority to issue declaratory relief in this action is conferred by 28 U.S.C. §§ 2201-2202.

6. Venue is properly in the United States District Court for the Northern Mariana Islands pursuant to 28 U.S.C. § 1391 as the employment practices alleged to be unlawful were committed in Saipan, Commonwealth of the Northern Mariana Islands ("CNMI").

## PARTIES

7. Plaintiff RONEL M. PAULE (hereinafter "Ronel") is a citizen of Republic of the Philippines and, at all relevant times, resided in the CNMI and was employed by or suffered to work by Defendants.

8. Plaintiff CELIA T. VELASQUEZ (hereinafter "Celia") is a citizen of Republic of the Philippines and, at all relevant times, resided in the CNMI and was employed by or suffered to work by Defendants.

9. At all relevant times, Defendant POLARIS DEVELOPMENT CORPORATION (hereinafter "Polaris") is a company incorporated pursuant to the laws of the CNMI with its principal of place of business in Saipan and has continuously been doing business in Saipan.

10.     At all relevant times, Defendant GUILLERMO T FALLER, (hereinafter "FALLER"). his wife, Defendant JOJO M. FALLER (hereinafter "JOJO") and Defendant LETICIA MANUEL (hereinafter "MANUEL"), on information and belief, all of whom citizens of the United States of America, are and were the principal owners and officers of Polaris, residing within the jurisdiction of this Court and acted directly or indirectly in the interest of Polaris in relation to its employees by directing the activities of the Plaintiffs, controlling their work environment, establishing employment and wage policies and paying the Plaintiffs for their work in an amount less than required by law.

11.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, joint employer, integrated enterprise, employee and/or under the direction and control of the other Defendants, except as otherwise specifically alleged. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein.   Whenever and wherever reference is made in this complaint to any act by a defendant or defendants, such allegations and reference shall also be deemed to mean the acts or failures to act of each defendant acting individually, jointly and/or severally.

12.     It is further alleged on information and belief that the named and unnamed Defendants in the complaint are alter egos, joint employers, and/or integrated enterprises of Defendant Polaris.

14.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, joint employer, integrated enterprise, employee and/or under the direction and control of the other Defendants, except as otherwise specifically alleged. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants complained of herein.   Whenever and wherever reference is made in this complaint to any act by a

defendant or defendants, such allegations and reference shall also be deemed to mean the acts or failures to act of each defendant acting individually, jointly and/or severally.

## **GENERAL ALLEGATIONS**

15.     Defendants operated and still operate a retail and whoesale store; a grounds maintenance company; a commercial building in which they rent/lease units; a residential apartment building in which they rent/lease units; and a beauty salon, all on the island of Saipan.

16.     Plaintiffs were hired by Defendants on or about November 11, 2011 as a beauty salan workers (barber/stylist) at Jojo's Salan pursuant to employment contracts signed by Defendants and Plaintiffs which stated that for services performed by Plaintiffs, Defendant would compensate them, respectively, at $4.55 per hour.

17.     Throughout the term of their employment by Defendants, Plaintiffs were not compensated for straight time hours pursuant to the terms of their respective employment contract at the $4.55 per hour rate but were paid instead on a commission basis.

18.     Throughout the term of their employment by Defendants, Plaintiffs were not compensated for over-time hours worked for Defendants.

19.     Defendants often missed payment of any wages during the term of their employment.

20.     On information and belief, Defendants failed to keep time records accurately reflecting the hours that Plaintiffs worked.

21.     Plainitffs are entitled to back wages and overtime wages.

22.     Defendants required Plaintiffs to advance the filing fees and other costs associated with Defendant's I-129 CW petitions to the U.S. Department of Homeland Security (hereinafter "DHS"). All these transactions were paid with Plaintiffs' personal funds, and must be reimbursed.

23.     As a direct and proximate result of Defendants' action and conduct, suffered substantial and severe economic loss in benefits and wages under their contract and according to Law.

4

24. Defendants' failure and refusal to pay the compensantion indicated in the employment contract was a breach of contract and of the specific promise Defendants made to pay compensation.

25. Defendants are thus liable to Plainitff for the amount or value of the compensation amount, plus pre judgment intertest, and addtitional amount as liquidated damages.

## FLSA VIOLATION - UNPAID OVERTIME COMPENSATION

26. Plaintiffs incorporate herein by reference paragraph 1-25 as hereinabove alleged as if set forth here in full.

27. At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of § 203(e)(1) of the FLSA.

28. At all times relevant to this action, Defendants were employers of Plaintiffs within the meaning of § 203(d) of the FLSA.

29 At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of § 203(g) of the FLSA.

30. At all times relevant to this action, Plaintiffs were employed by Defendants in Saipan, Commonwealth of the Northern Mariana Islands.

31. At all times relevant to this action, Defendants were an enterprise within the meaning of § 203(r)(1) of the FLSA.

32. At all times relevant to this action, Defendants were an enterprise engaged in commerce or in the sale of goods that have been produced for commerce within the meaning of § 203(s)(1) of the FLSA.

33. At all times relevant to this action, Plaintiffs, as employees of Defendants, was engaged in commerce within the meaning of § 207(a)(1) of the FLSA.

34. Plaintiffs worked more than forty (40) hours per week for Defendants on numerous occasions that Plaintiffs were employed by Defendants.

35.     From November 2011 to November 2013, Ronel worked six (6) days a week with very few days off, but was paid less than 40 hours per week of work.

36.     From December 2011 to November 2013, Celia worked six (6) days a week with very few days off, but was paid less than 40 hours per week of work.

37.     Defendants violated the provisions of § 207(a) of the FLSA by failing to pay Plaintiffs overtime compensation in the amount of one and one-half times their regular pay rate for all of the hours worked by Plaintiffs in excess of forty (40) hours in each work week.

38.     The total unpaid overtime hours owed Ronel for November 2011 to November 2013, is approximately $12,616.16.

39.     The total unpaid overtime hours owed Celia for December 2011 to November 2013, is approximately $11,472.34.

40.     Defendants failed to maintain full and accurate records of the hours actually worked by Plaintiff as required by § 215 of the FLSA.

41.     All of the actions of Defendants were willful.

42.     Plaintiffs are entitled to costs of the action and reasonable attorneys fees pursuant to § 216(b) of the FLSA.

## FLSA VIOLATION – UNPAID MINIMUM WAGE

43.     Plaintiffs incorporate herein by reference paragraph 1-42 as hereinabove alleged as if set forth here in full.

44.     Defendants have violated sections 206 and 216 of the FLSA by failing to pay Plaintiffs the minimum wage provided by law for all of the hours worked by Plaintiffs each work week.

45.     Ronel was paid only paid on a commission basis despite Defendants requiring him to report to the beauty salon six (6) days a week for an average of nine and a half (9.5) hours per day.

46.     The total regular time pay owed to Ronal is at least $17,222.24 for all the delayed payments.

47.     Celia was paid only paid on a commission basis despite Defendants requiring him to report to the beauty salon six (6) days a week for an average of nine and a half (9.5) hours per day.

48.     The total regular time pay owed to Celia is at least $15,127.26 for all the delayed payments.

49.     Plaintiffs are entitled to payment of unpaid minimum wages from Defendants, and an additional equal amount as liquidated damages for Defendants' willful violation.

50.     Plaintiffs are also entitled to costs of the action and reasonable attorney's fees pursuant to § 216 of the FLSA.

## BREACH OF CONTRACT

51.     Plaintiffs incorporate herein by reference paragraph 1-50 as hereinabove alleged as if set forth here in full.

52.     Plaintiffs were employed by and suffered to work by Polaris pursuant to written contracts for a fixed period of employment.

53.     Defendants breached the Employment Contracts by failing to pay Plaintiffs what they were due under the Employment Contracts.

54.     Defendant required Plaintiffs to advance the filing fees and other costs associated with Defendants' I-129 CW petitions to DHS.  All these transactions were paid with Plaintiffs' personal funds, and must be reimbursed.

55.     Plaintiffs performed all of the duties and responsibilities and fulfilled the conditions of the Employment Contracts.

56.     Due to Defendants' breach of contract, Plaintiffs were damaged and continue to be damaged in an amount to be proven at trial.

57.   Plaintiffs were therefore entitled to recover from Defendants as damages their full contract wages and other loss benefits under their employment contracts in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for Judgment as follows:

1.   An award of expectation, incidental, consequential and compensatory damages in an amount to be proven at trial;

2.   Prejudgment interest;

3.   For any and all unpaid wages due Plaintiffs;

4.   For any and all overtime compensation due Plaintiffs;

5.   For Liquidated damages;

6.   For Punitive damages;

7.   For reasonable attorneys fees incurred and costs of suit incurred;

8.   For such and further relief as the court may deem proper.


Dated this 3<u>rd</u> day of July, 2014.


### LAW OFFICES OF PAMELA BROWN BLACKBURN, LLC


By:   */s/ Pamela Brown Blackburn* _____
**PAMELA BROWN BLACKBURN**
Attorney for Plaintiffs


8

**VERIFICATION**

I, RONEL M. PAULE, due hereby verify that the facts set forth herein are true and correct to the best of my personal knowledge.

DATED this 3rd day of July 2014.

_____
RONEL M. PAULE

**VERIFICATION**

I, CELIA T. VELASQUEZ, due hereby verify that the facts set forth herein are true and correct to the best of my personal knowledge.

DATED this 3rd day of July 2014.

_____
CELIA T. VELASQUEZ